UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UAB EUROGA,

|  |  |  |
|---|---|---|
|  | Plaintiff, | 08 CV |
| -v- |  |  |
|  |  | **VERIFIED COMPLAINT** |

NORFOLK LP, HILTVEIT ASSOCIATES INC., CARL
OLSENS TANKREDERI A/S, ZARPETA CHEMICAL KS,
CARDIFF, INC. and DUNDEE LTD.

Defendants.

------------------------------------------------------------------x

Plaintiff, UAB EUROGA (hereinafter "EUROGA"), by its attorneys, CHALOS &

CO, P.C., as and for its Verified Complaint against Defendants, NORFOLK LP

(hereinafter "NORFOLK"), HILTVEIT ASSOCIATES INC. (hereinafter "HILTVEIT"),

CARL OLSENS TANKREDERI A/S (hereinafter "CARL OLSENS"), ZARPETA

CHEMICAL KS (hereinafter "ZARPETA"), CARDIFF, INC. (hereinafter "CARDIFF"),

and DUNDEE LTD (hereinafter "DUNDEE"), alleges upon information and belief as

follows:

<u>JURISDICTION</u>

1.    The Court has subject matter jurisdiction by virtue that the underlying

claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of

this Court under 28 U.S.C. § 1333.

## THE PARTIES

2.      At all times material hereto, Plaintiff, EUROGA, was and still is a foreign business entity duly organized and existing pursuant to the laws of Lithuania, with principal place of business at Zauerveino Str. 18, Klaipeda, LT-92122, Lithuania.

3.      At all times material hereto, Defendant, NORFOLK, upon information and belief, was and still is a foreign business entity duly organized and existing pursuant to the laws of Liberia, with principal place of business at 80 Broad Street, Monrovia, Liberia.

4.      At all times material hereto, Defendant, HILTVEIT, upon information and belief, was and still is a domestic business entity duly organized and existing pursuant to the laws of the United States, with principal place of business at Hauppauge Corporate Center, Suite 302, 150 Motor Parkway, Hauppauge, New York, 11788, United States.

5.      At all times material hereto, Defendant, CARL OLSENS, upon information and belief, was and still is a foreign business entity duly organized and existing pursuant to the laws of the Norway, with principal place of business at Langbryggen 17B, Ardendal, Norway.

6.      At all times material hereto, Defendant, ZARPETA, upon information and belief, was and still is a foreign business entity duly organized and existing pursuant to the laws of the Norway.

7.      At all times material hereto, Defendant, CARDIFF, upon information and belief, was and still is a foreign business entity duly organized and existing pursuant to the laws of the Marshall Islands.

8.      At all times material hereto, Defendant, DUNDEE, upon information and belief, was and still is a foreign business entity duly organized and existing pursuant to the laws of Liberia, with principal place of business at 80 Broad Street, Monrovia, Liberia.

## AS A FIRST CAUSE OF ACTION

9.      On or about October 2, 2007, EUROGA, was engaged to act as port agent for the M/V MARTHA A, by Defendants, NORFOLK, as owners, HILTVEIT, as operators, and CARL OLSENS, as manager of the vessel, during her loading of a cargo of urea ammonium nitrate solution for carriage by sea from Klaipeda, Lithuania to Rouen, France.  Thereafter, on or about December 20, 2007, EUROGA, and NORFOLK, HILTVEIT and CARL OLSENS entered into a second agency agreement for the vessel's loading of a cargo of urea ammonium nitrate solution for carriage by sea from Klaipeda, Lithuania to La Pallice, France.

10.      The aforementioned port agent/vessel husbanding contracts are maritime contracts.

11.      Pursuant to the terms and conditions agreed between the parties, EUROGA and Defendants agreed, among other things that EUROGA would engage various necessary services and contractors for the benefit of the vessel, her owner, operator and manager.

12.      In accordance with the parties' agreements and as per Defendants' instructions, on October 24, 2007 and January 2, 2008, Plaintiff was caused to incur charges in the amount of EUR€45,884.65 or USD$71,195.36.

13.    Despite numerous demands by EUROGA to Defendants, and Defendants' express promises to pay the full amount claimed to be outstanding disbursements, Defendants, in breach of the terms of the October 2, 2008 agency agreement and the December 20, 2007 agency agreement, have failed to and or otherwise neglected to pay the outstanding.  The amount due and owing to EUROGA is, namely, EUR€45,884.65 [USD$71,195.36].

14.    As per the relevant agency contracts, Plaintiff is properly to be awarded its cost, legal fees and interest for the protection of this claim, which as best as can be determined are approximately USD$10,000 and growing.

15.    There is no dispute that EUROGA is owed USD$71,195.36 plus costs, fees and interest.

16.    Therefore, EUROGA's total claim for breach of the maritime contract against Defendants is in the aggregate USD$81,195.36.

17.    Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendants HILTVEIT, NORFOLK and/or CARL OLSELNS, on the one hand, and Defendants ZARPETA, CARDIFF, and/or DUNDEE, on the other, that no separation exists between them and the corporate form of Defendants ZARPETA, CARDIFF, and DUNDEE has been disregarded such that Defendants HILTVEIT, NORFOLK and/or CARL OLSENS primarily transacted the business of Defendants ZARPETA, CARDIFF, and/or DUNDEE.

18.    Upon information and belief, at all material times, Defendants HILTVEIT, NORFOLK and/or CARL OLSELNS operated in the name of Defendants ZARPETA, CARDIFF and/or DUNDEE such that Defendants HILTVEIT, NORFOLK and/or CARL

4

OLSELNS were the beneficial owners of Defendants ZARPETA, CARDIFF and/or DUNDEE.

19.    Upon information and belief, ZARPETA, CARDIFF and DUNDEE hold themselves out as subsidiaries within the "HILTVEIT network."

20.    Upon information and belief, HILTVEIT, NORFOLK and/or CARL OLSELNS and ZARPETA, CARDIFF and DUNDEE are each one of several entities which is operated, controlled and managed as a single economic enterprise known as HILTVEIT.

21.    Upon information and belief, among the entities which comprise the HILTVEIT network, including NORFOLK, CARL OLSENS, ZARPETA, CARDIFF and DUNDEE, there is a commonality of control and management and an overlap of officers, directors and employees.

22.    Upon information and belief, at all material times, Defendants HILTVEIT, NORFOLK, CARL OLSELNS, ZARPETA, CARDIFF and DUNDEE, have overlapping ownership, management, personnel and purposes such that said Defendants do not operate at arms length.

23.    Upon information and belief, at all material times, Defendants have had common addresses, common contact information such that the Defendants have no independent corporate identity.

24.    Upon information and belief, at all material times, there has been an intermingling of funds between Defendants.

25.    Upon information and belief, at all material times, Defendants HILTVEIT, NORFOLK and/or CARL OLSELNS have dominated, controlled and used Defendants

ZARPETA, CARDIFF and DUNDEE for their own purposes such that there is no meaningful difference between the entities.

26.    Upon information and belief, at all material times, Defendants HILTVEIT, NORFOLK and/or CARL OLSELNS have disregarded the corporate forms of Defendants ZARPETA, CARDIFF and DUNDEE to the extent that Defendants HILTVEIT, NORFOLK and/or CARL OLSELNS were actually carrying on ZARPETA, CARDIFF and DUNDEE's business and operations as if the same were their own, or vice versa.

27.    Upon information and belief, Defendants HILTVEIT, NORFOLK and/or CARL OLSELNS utilize the Defendants ZARPETA, CARDIFF and DUNDEE, to transfer funds through, to and from the Southern District of New York on their behalf.

28.    Upon information and belief, there are reasonable grounds to conclude that the Defendants ZARPETA, CARDIFF and DUNDEE are the alter-egos of Defendants HILTVEIT, NORFOLK and/or CARL OLSELNS and, therefore, Plaintiff EUROGA has a valid prima facie *in personam* claim against Defendants ZARPETA, CARDIFF AND DUNDEE based upon alter ego liability.

BASIS FOR ATTACHMENT

29.    Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like

6

belonging to, claimed by, or for the benefit of, the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

30.    Plaintiff believes that some of these assets, to wit:  accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendants and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.    That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and

Maritime Claims, attaching all of the Defendants' tangible or intangible property or any

other funds held by any garnishees in the district which are due and owing, or other

property of, or for the benefit of, the Defendants, up to the amount of USD$$81,195.36,

to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in

the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E

answer the matters alleged in the Complaint;

      C.    That Plaintiff may have such other, further and different relief as may be

just and proper.

Dated: Oyster Bay, New York
       June 19, 2008

                         CHALOS & CO, P.C.
                         Attorneys for Plaintiff
                         UAB EUROGA

      By:                                 
                         George M. Chalos (GC-8693)
                         123 South Street
                         Oyster Bay, New York 11771
                         Tel: (516) 714-4300
                         Fax: (866) 702-4577
                         Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UAB EUROGA,

                                        Plaintiff,                          08 CV

-v-
                                                                  **VERIFICATION OF**
                                                                  **COMPLAINT**

NORFOLK LP, HILTVEIT ASSOCIATES INC., CARL
OLSENS TANKREDERI A/S, ZARPETA CHEMICAL KS,
CARDIFF, INC. and DUNDEE LTD.

                                        Defendants.
------------------------------------------------------------------x


        Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of

perjury:

        1.        I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff,

UAB EUROGA, herein;

        2.        I have read the foregoing Verified Complaint and know the contents thereof; and

        3.        I believe the matters to be true based on documents and information obtained

from employees and representatives of the Plaintiff through its agents, underwriters and

attorneys.

        4.        The reason that this verification was made by deponent and not by the Plaintiff is

because Plaintiff is a foreign corporation, whose officers are not in this district, and whose

verification cannot be obtained within the time constraints presented by the circumstances of this

case.

        I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Oyster Bay, New York
        June 19, 2008

                                    CHALOS & CO, P.C.
                                    Attorneys for Plaintiff
                                    UAB EUROGA

                              By:  _____
                                    George M. Chalos (GC-8693)
                                    123 South Street
                                    Oyster Bay, New York 11771
                                    Tel: (516) 714-4300
                                    Fax: (866) 702-4577
                                    Email: gmc@chaloslaw.com

2